Tyheem **ALLAH,** Plaintiff–Appellant,

v.

Christopher **ARTUZ** et. al., Defendants–Appellees.

No. 01–0067.

United States Court of Appeals, Second Circuit.

Jan. 23, 2004.

Traci L. Lovitt, Jones Day (Glen D. Nager, Washington, D.C.), New York, NY, for Appellant, of counsel.

Thomas B. Litsky, Assistant Solicitor General (Michelle Aronowitz, Deputy Solicitor General), for Eliot Spitzer, Attorney General of the State of New York, New York, NY, for Appellee, of counsel.

PRESENT: VAN GRAAFEILAND, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

This case arises from alleged retaliation based on complaints made by the plaintiff, Tyheem Allah, then an inmate at Green Haven Correctional Facility, concerning secondhand smoke inhalation because of smoking by corrections officers. According to Allah, he was given a misbehavior report because he was "upsetting a lot [sic] of people about this secondhand smoke nonsense, [and] one of them is the Superintendent." He further claimed that the various disciplinary hearings to review his misbehavior report were marred by violations of his constitutional rights. In addition, Allah asserts that he was deliberately deprived of medical care by the medical staff at Green Haven. He was later transferred to another state facility, and then to the Clinton Correctional Facility. Based on these allegations, Allah filed a complaint in the Southern District of New York alleging seven causes of action under sections 1983 and 1985. His first to fifth claims contested the conditions of his confinement and the fairness of his disciplinary hearings. His sixth and seventh causes of action alleged that the medical staff at Green Haven, described by him as the "John/Jane Doe Defendants," deprived him of medical care by neither informing him of his infection with nor treating him for tuberculosis and by continuing to deny him follow-up treatment for foot surgery he received while incarcerated at Green Haven. The district court dismissed all of his claims. The first five claims were dismissed because, according to the district court, they were foreclosed by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The sixth and seventh claims were dismissed because the

district court concluded that Allah failed to allege that he had been deliberately deprived of medical care and, moreover, the claims were barred by the statute of limitations.

On appeal, the government concedes that the district court erred in its determinations. In *Jenkins v. Haubert*, 179 F.3d 19 (2d Cir.1999), we specifically concluded that *Heck* does not require prisoners challenging the condition of their confinement to show that a direct challenge to confinement terminated in their favor, *id.* at 21.

■ If this *Heck* requirement does not pertain to Allah's case, neither does its extended accrual rule. *See Heck v. Humphrey*, 512 U.S. at 489–90, 114 S.Ct. 2364 (holding that a § 1983 claim challenging the fact of confinement "does not accrue until the conviction or sentence has been invalidated."). If, instead, Allah's § 1983 claims accrued when he knew or had reason to know of the injuries on which his action is based, *see Covington v. City of New York*, 171 F.3d 117, 121 (2d Cir.1999), then, as Allah's counsel acknowledged at oral argument, certain of Allah's claims might well be untimely, particularly those alleging violation of his privacy on March 17, 1994, and deprivations of due process on or before September 8, 1994, the date of his final request for disciplinary reconsideration. Counsel nevertheless asserted that Allah might be able to amend his pleadings to state timely claims. We leave this determination, at least in the first instance, to the district court on remand.

■ Given our obligation to construe *pro se* pleadings liberally, we conclude that Allah's complaint sufficiently alleges deliberate medical indifference on the part of the John/Jane Doe defendants to withstand dismissal.*

For the foregoing reasons, the judgment of the District Court is hereby VACATED and REMANDED to the district court. Nothing in this order shall be construed to foreclose Allah's ability to amend his complaint to include additional claims regarding retaliation and Eighth Amendment claims based on his treatment at Clinton Correctional Facility or to cure any defects in his complaint, including those related to the persons named as defendants.

---

* We note with approval the acknowledgment by counsel for the state during the course of oral argument on this appeal of the plaintiff's assertion that he is in need of immediate medical attention, and of the state's understanding that these proceedings should not interfere with the state's meeting of any such medical needs.